114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Greg WRIGHTSELL, Plaintiff-Appellant,
v.
Michael FURRIE, Michael Mikus, Harlow Brown, Andrew Walter,
and John Doe, Defendants-Appellees.
 No. 94-1634.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Greg Wrightsell, a state prisoner, brought suit pro se under 42 U.S.C. § 1983 alleging that the defendants, employees of the Taylorville Correctional Center, violated his Eighth Amendment rights by their deliberate indifference to his safety. Pursuant to 28 U.S.C. § 636(c) the parties consented to have the case heard before a magistrate judge who granted summary judgment in favor of the defendants. Wrightsell appeals from that judgment and we affirm.
 
 
 2
 While incarcerated at the Pontiac Correctional Center in July 1987, the Appellant witnessed an inmate, who was a member of the "Latin Kings" gang, murder another inmate. (R. 35, District Court Order at 3). At the subsequent murder trial, Wrightsell testified against the inmate who committed the murder. He claims this resulted in a "contract hit" being placed on him. The record indicates that Wrightsell had been given a different name as one measure of protection, although his identification number remained the same. Wrightsell disagrees that he had officially been given a different name. He does admit that he used an alias ("also known as").
 
 
 3
 In the following years, Wrightsell was transferred to several prisons in Illinois and arrived at the Taylorville Correctional Center in December 1992. He asserts that upon arrival at Taylorville he informed Michael Furrie, Warden, and Andrew Walter, Correctional Lieutenant of Internal Affairs, of his need for protective custody, to which he received the response that they did not have protective custody. (Appellant's Br. at 7). Two months after his transfer to Taylorville, Wrightsell was attacked by eight other inmates who were members of the "Black Disciple" and "Black Gangster Disciple" gangs. (R. 29, Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Deposition of Greg Wrightsell at 7). During the attack, Wrightsell sustained a fractured rib and some of his personal property was destroyed. He asserts that he was attacked because he had been a witness for the state against the inmate who committed murder. During his deposition, Wrightsell admitted that he had not been threatened by any inmates at Taylorville prior to being attacked. (Id. at 5-6).
 
 
 4
 We conduct a de novo review of a district court's grant of summary judgment and affirm if the record indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We read the record in the light most favorable to Wrightsell, the nonmoving party, and afford him the benefit of all reasonable inferences. Babcock v. White, 102 F.3d 267, 270 (7th Cir.1996).
 
 
 5
 " '[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.' " Farmer v. Brennan, 511 U.S. 825, 833 (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.1988)). However, every injury inflicted by one inmate on another does not constitute a violation of the Eighth Amendment prohibition of cruel and unusual punishment. Langston v. Peters, 100 F.3d 1235, 1237 (7th Cir.1996). In Farmer, the Supreme Court reviewed the elements required to bring a § 1983 claim for a violation of the Eighth Amendment and held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. The Court held "that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.
 
 
 6
 Wrightsell asserts that Furrie and Walter should have been aware of his need for protection, however he has failed to show that they exhibited deliberate indifference to his safety. He had not received any threats prior to being attacked. Additionally, none of Wrightsell's known and listed enemies were present at Taylorville at the time of the assault, and the Data Summary Report in his prison file stated, "If kept separated from any listed enemies in OTS [Offender Tracking System], no extraordinary pc [protective custody] needs are noted." (R. 29, Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Affidavit of Michael Furrie, Ex. 2 (last page)). The record is also devoid of any facts that would support Wrightsell's contention that members of the Black Disciple and Black Gangster Disciple gangs attacked him in retaliation for testifying against a rival gang, the Latin Kings.
 
 
 7
 Wrightsell also asserts that Brown, Mikus and presumably John Doe[1], all correctional officers, failed to protect him by not making their rounds and not being stationed in their proper locations, thereby creating the opportunity for him to be attacked. This allegation does not rise to the level of deliberate indifference and is only a claim of negligence in the performance of their duties. "Mere negligence or even gross negligence does not constitute deliberate indifference." Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir.1996). Therefore, none of the Appellees acted with deliberate indifference towards Wrightsell and summary judgment was appropriate.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Appellant's brief does not explain how John Doe was involved and further he has never been served or identified as stated by the district court